Filed 4/2/13  P. v. Wolf CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID WAYNE WOLF,<br><br>    Defendant and Appellant. | B233289<br><br>(Los Angeles County<br>Super. Ct. No. SA063264) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Cynthia Rayvis, Judge.  Affirmed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Lawrence M. Daniels and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant David Wayne Wolf appeals from the judgment of conviction following a jury trial in which he was convicted of one felony count of grand theft auto (Pen. Code, § 487, subd. (d)(1))[1] (count 1) and two felony counts of attempted carjacking (§§ 664/215, subd. (a)) (counts 2 and 3). He was sentenced to the middle term of two years six months on count 2, with the same sentence on count 3 and the middle term of two years on count 1, both to run concurrently. On the date of his sentencing on November 19, 2008, he received 713 days of custody and work credit.[2]

Appellant contends the trial court violated his due process rights by not conducting a competency hearing postverdict and prior to sentencing. We disagree and affirm.

## BACKGROUND

On July 24, 2007, prior to trial, defense counsel declared a doubt as to appellant's competency to assist her, and stated that she had received an inconclusive psychologist's report. The trial court suspended criminal proceedings and ordered another psychologist to examine appellant pursuant to Evidence Code section 730.

On August 14, 2007, the trial court found appellant incompetent to stand trial based upon the two reports. The court ordered the criminal proceedings to remain suspended and that appellant be committed to Patton State Hospital until his competence was restored. The court also ordered that the hospital was authorized to involuntarily administer antipsychotic medication to appellant when and as prescribed by his treating psychiatrist.

Patton State Hospital eventually declared appellant to be competent. On January 25, 2008, the trial court approved the certificate of mental competence and reinstated criminal proceedings.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We granted appellant's request for relief from default for failure to file a timely notice of appeal. It would appear that appellant has finished serving his sentence by now. However, because he raises constitutional challenges, we reach the merits of his appeal.

2

After the jury was selected, on March 27, 2008, defense counsel submitted an emergency request for a conference with a psychologist regarding appellant's competence, but stated that she had witnesses present and was willing to proceed. The court ordered the trial to proceed. Later that day, defense counsel informed the court that the psychologist had evaluated appellant and found him to be competent.

Appellant testified at trial, stating that on the date of the crimes he was hearing voices, he believed that people could read his mind and he thought he was in a "movie." On April 4, 2008, the jury found appellant guilty on all three counts.[3]

On the original date set for sentencing, April 21, 2008, defense counsel stated that she did not believe appellant was able to assist in his defense, and asked to continue sentencing. Appellant, however, asked to be sentenced that day and to represent himself. After the trial court granted appellant's request to represent himself and appellant addressed the court, the court declared a doubt as to appellant's competence, suspended proceedings, reappointed defense counsel to represent appellant, and appointed two psychologists to evaluate appellant. In the meantime, the court denied two more requests by appellant for self representation.

On September 17, 2008, the trial court noted that both appointed psychologists had found appellant competent. The court reinstated proceedings and granted appellant's request to represent himself.

On October 28, 2008, appellant appeared for sentencing. He stated that he had been refusing medication, but that he was ready to be sentenced. Both the prosecutor and the trial court noted that appellant did not appear to be lucid or awake. The court noted that while two psychologists had found appellant to be competent for sentencing, the court found that appellant was not competent to represent himself at sentencing. The court revoked appellant's pro per status, reappointed defense counsel, and continued the sentencing hearing.

---

[3] Because the issue on appeal involves appellant's posttrial competence, we do not set forth the evidence presented at trial.

At the continued sentencing hearing on November 19, 2008, defense counsel stated that she had discussed sentencing options with appellant, who was adamant that he wanted to be sentenced to prison and not to a treatment program. Defense counsel stated that she did not join in appellant's request and that appellant "is, in fact, competent, though he might be mentally ill." The court then proceeded to sentencing.

## DISCUSSION

Appellant contends the trial court violated his state and federal due process rights by failing to conduct a competency hearing prior to his sentencing. We disagree.

## I. Applicable Law.

"Trial of an incompetent defendant violates the due process clause of the Fourteenth Amendment to the United States Constitution [citation] and article I, section 15 of the California Constitution. Those protections are implemented by statute in California." (*People v. Hayes* (1999) 21 Cal.4th 1211, 1281.) "Our state statute provides that a person is mentally incompetent to stand trial if, as a result of mental disorder or developmental disability, the defendant is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner. (§ 1367.)" (*People v. Welch* (1999) 20 Cal.4th 701, 737; § 1367, subd. (a).) The right to be both physically and mentally present extends through sentencing. (§ 977, subd. (b); *People v. Jones* (1997) 15 Cal.4th 119, 157; *People v. Rogers* (2006) 39 Cal.4th 826, 847 ["The court's duty to conduct a competency hearing may arise at any time prior to judgment"].)

"'When the accused presents substantial evidence of incompetence, due process requires that the trial court conduct a full competency hearing.'" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1063.) Substantial evidence is "evidence that raises a reasonable or bona fide doubt concerning the defendant's competence to stand trial." (*People v. Rogers, supra,* 39 Cal.4th at p. 847; *People v. Frye* (1998) 18 Cal.4th 894, 952.) "Evidence of incompetence may emanate from several sources, including the defendant's demeanor, irrational behavior, and prior mental evaluations. [Citations.] But to be entitled to a competency hearing, 'a defendant must exhibit more than . . . a preexisting

4

psychiatric condition that has little bearing on the question . . . whether the defendant can assist his defense counsel.'" (*People v. Rogers, supra*, 39 Cal.4th at p. 847.)  If the evidence is not substantial, "[i]t is within the discretion of the trial judge whether to order a competence hearing." (*People v. Welch, supra*, 20 Cal.4th at p. 742.)  "A trial court's decision whether or not to hold a competence hearing is entitled to deference, because the court has the opportunity to observe the defendant during trial." (*People v. Rogers, supra*, 39 Cal.4th at p. 847.)

""""When a competency hearing has already been held and defendant has been found competent to stand trial, however, a trial court need not suspend proceedings to conduct a second competency hearing unless it 'is presented with a substantial change of circumstances or with new evidence' casting a serious doubt on the validity of that finding.  [Citations.]"""" (*People v. Taylor* (2009) 47 Cal.4th 850, 864, quoting *People v. Kelly* (1992) 1 Cal.4th 495, 542–543.)

## II.     The Evidence Did Not Require Another Competency Hearing.

Appellant argues that the following factors constitute substantial evidence that a competency hearing should have been conducted prior to his sentencing:  (1) Both the trial court and the prosecutor noted that appellant did not appear to be lucid or awake at the presentencing hearing on October 28, 2008; (2) appellant stated at the October 28, 2008 hearing, against his own interest, that he was willing to submit to the maximum sentence, and made misstatements at the hearing; (3) the trial court had been informed at least three times after the verdict that appellant was on suicide watch at the jail; (4) the trial court knew that appellant was suffering from "a major mental illness" and that he was currently refusing his medications; and (5) a psychologist had testified at trial that appellant was a paranoid schizophrenic with bipolar disorder and did not appear to be malingering.  We find appellant's arguments unpersuasive.

### A.  October 28, 2008 Hearing

The prosecutor's statement at the October 28, 2008, presentence hearing that "I'm not quite sure the defendant is awake or is lucid at the time.  It looks like he's go [sic] ready to go to sleep," was not a change in circumstance casting doubt on the previous

5

finding of competency. The prosecutor's statement merely indicated that appellant appeared drowsy. Although appellant had stated that he was refusing his medication, the trial court observed that appellant appeared to be medicated based on his drowsiness in court: "I asked Mr. Wolf if he was medicated because he appears to be medicated." "[T]the mere fact that the petitioner was taking medications during his trial does not raise a 'bona fide doubt' as to his competence to stand trial." (See *Contreras v. Rice* (C.D. Cal. 1998) 5 F.Supp.2d 854, 864 [citing *Sturgis v. Goldsmith* (9th Cir. 1986) 796 F.2d 1103, 1109–1110 [failure to present evidence of medication petitioner was taking or "how [the medication] might have affected his competence at trial" did not raise a bona fide doubt as to the petitioner's competency to stand trial]; *U.S. v. Fernandez* (9th Cir. 2004) 388 F.3d 1199, 1251–1252 [finding no substantial evidence of incompetence where trial court commented on defendant's sleepiness apparently caused by medication].) In any event, appellant thereafter participated in the proceedings and answered the court's questions.

Appellant next asserts that he miscalculated the maximum term of imprisonment at the October 28, 2008 hearing. But he made clear that his calculation was based on "what [he] read in the Penal Code book." As the People note, this shows that appellant had the presence of mind to read the Penal Code in preparation for his sentencing hearing. Appellant also points to his statement, in response to the trial court's revocation of his right to self-representation, "I object to this on the grounds that of [sic] violation of time restraints before trial, I wasn't able to file the paperwork." The court then pointed out that trial had already taken place. A defendant's lack of technical legal knowledge is irrelevant to any competency inquiry. (See *People v. Blair* (2005) 36 Cal.4th 686, 718.) And appellant had coherently responded to the trial court's question of whether he wanted a lawyer: "THE COURT: Mr. Wolf, are you sure you don't want to have a lawyer? [¶] THE DEFENDANT: Positive."

Appellant also argues that his "self-defeating behavior" of stating that he was willing to accept the maximum term of imprisonment was new evidence casting doubt on the trial court's prior finding of competency. We reject this argument. "[A] possibly

6

self-destructive emotional approach to self-representation does not equate to substantial evidence of incompetence to stand trial." (*People v. Halvorsen* (2007) 42 Cal.4th 379, 406; see also *People v. Lewis* (2008) 43 Cal.4th 415, 526 ["a defendant's preference for the death penalty does not invariably demonstrate incompetence"]; *People v. Blair, supra*, 36 Cal.4th at p. 718 ["we have rejected the notion that a defendant's choice not to present a defense, even at the penalty phase, amounts to substantial evidence of incompetence"].)  If anything, appellant's willingness to receive the maximum term of imprisonment indicated his awareness of wrongdoing:  "I'm ready to accept everything that's coming to me."

### B.  Suicide Watch

Appellant also asserts that being on suicide watch at the jail was a new circumstance alerting the trial court that he was no longer competent.  But on September 17, 2008, appellant expressly told the trial court that he was not suicidal:  "Now, the situation is I am in county jail, they have me on suicidal watch, but I am not suicidal.  I told them I would sue them, because they had to protect me."  Additionally, our Supreme Court has found that evidence of a defendant's "death wish" and planned suicide attempt do not amount to substantial evidence of incompetence requiring a competency hearing. (See *People v. Ramos* (2004) 34 Cal.4th 494, 508–511.)

### C.  Mental Illness

Appellant also points out that he was suffering from a major mental illness and that a psychologist had testified at trial that he was a paranoid schizophrenic with bipolar disorder and did not appear to be malingering.  But "even a history of serious mental illness does not necessarily constitute substantial evidence of incompetence that would require a court to declare a doubt concerning a defendant's competence and to conduct a hearing on that issue." (*People v. Blair, supra,* 36 Cal.4th at p. 714; *People v. Ramos, supra,* 34 Cal.4th at pp. 508–511 [defendant's death wish, history of psychiatric treatment, planned suicide attempt, propensity for violence, and psychiatric testimony that defendant was physically abused as a child and suffered from a paranoid personality

disorder did not constitute substantial evidence of incompetence requiring court to conduct a competency hearing].)

Appellant asserts that certain of his own testimony at trial was "nonsensical and disturbing." Even assuming appellant is correct that his testimony indicated some form of mental illness, our Supreme Court has repeatedly recognized that "more is required to raise a doubt than mere bizarre actions [citation] or bizarre statements [citation]. . . .'" (*People v. Halvorsen, supra*, 42 Cal.4th at p. 403, quoting *People v. Laudermilk* (1967) 67 Cal.2d 272, 285.)

Despite his own testimony and the other factors discussed above, the record does not show that appellant lacked an understanding of the nature of the proceedings or the ability to assist in his defense. (*People v. Koontz, supra*, 27 Cal.4th at p. 1064.) Accordingly, we are satisfied the evidence was insufficient to require a reexamination of appellant's competency before proceeding with sentencing.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
BOREN

_____, J.
CHAVEZ

8